UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>                              Petitioner,<br><br>v.<br><br>**MATCH GROUP, INC.,**<br><br>                              Respondent. | Case No. 22-mc-00054-RJL |

**FEDERAL TRADE COMMISSION'S OPPOSITION
TO RESPONDENT'S MOTIONS TO SEAL (Dkt. 17 and 18)**

The Federal Trade Commission ("FTC" or "Commission") opposes the motion filed by Match Group, Inc. ("Respondent" or "Match") to seal (Dkt. 17) their Memorandum in Opposition to the CID Enforcement Petition, all accompanying exhibits, and any future reply, response, or document filed related to the Opposition, as well as Respondent's motion to seal (Dkt. 18) its Reply Memorandum of Law in Further Support of its Motion to Seal and any future reply, response, or document filed related to their June 21, 2022 Motion to Seal (Dkt. 15, "June 21 Motion") until such time as the Court resolves the June 21 Motion.  Respondent's motions to seal are once again unjustifiably broad and fail to explain how disclosure of specific documents or information included in these filings would unduly prejudice Match's or OkCupid's privacy or property interests.  More importantly, Match fails to meet its burden of demonstrating that relevant factors first articulated by the D.C. Circuit in *United States v. Hubbard*, 650 F.2d 293, 316-17 (D.C. Cir. 1980) justify a departure from the strong presumption of public access to court records.  Indeed, Match does not bother to discuss the relevant legal standard in its latest motions

to seal (Dkt. 17, 18).  As explained below, four of the six *Hubbard* factors weigh against the proposed motions to seal, while one is neutral and another barely favors Match.  Accordingly, Match's motions to seal (Dkt. 17, 18) should be denied.

## I. BACKGROUND

The FTC filed this action to enforce a civil investigative demand (CID) issued to Match to resolve disputes over Match's assertions of attorney-client privilege and work product protection that the parties have been unable to resolve.  In accordance with the FTC Act and agency rules, the FTC provisionally redacted certain papers supporting the CID Enforcement Petition, and requested leave to file under temporary seal, content that warrants such precautions.  *See* Dkt. 2, FTC Mot. to Temporarily Seal Docs. and Mem. ISO Mot. to Temporarily Seal Docs.[1]  In contrast, Match seeks to indiscriminately seal all filings in this matter without making the requisite showing that sealing is warranted.  Match has repeatedly elected not to pursue the option of seeking more tailored protection for specific content in filings.[2]

## II. LEGAL STANDARD

The starting point in evaluating any motion to seal court records is a "strong presumption in favor of public access to judicial proceedings."  *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98

---

[1] In accordance with statutory requirements and agency rules, the FTC has sought to seal certain documents Match submitted in response to the CID and/or marked as confidential for a short period of time to give Match notice and an opportunity to seek protection for any documents containing competitively sensitive business or financial information, or trade secrets. Importantly, Match does not suggest in its motions that the documents it seeks to seal contain such information.

[2] Recent communications from counsel suggest Match will file new motions to redact or seal a more limited category of information and/or documents filed to date in this matter, in the event the Court denies its pending motions to seal (Dkt. 15, 17, 18).  However, Match should have proposed specific redactions and identified specific materials warranting protection at the outset, and the Court would be justified in declining to afford Match a second opportunity to relitigate the sealing and/or redaction of content in documents filed to date in this matter.

F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991)).  In *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), the D.C. Circuit recognized six factors district courts should consider when evaluating motions to seal or unseal.  These factors include:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317-22); *see also Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017) ("[T]he *Hubbard* test has consistently served as our lodestar because it ensures we fully account for the various public and private interests at stake.").

### III.  ARGUMENT

Match's unsupported motions to seal should be denied.  Notably, Match fails to demonstrate that any specific documents included in the filings in question affect its privacy or property interests.  Furthermore, as explained below, the relevant factors do not justify deviating from the important presumption that court records should be accessible to the public.

#### A. <u>Need for Public Access to Documents at Issue</u>

The first *Hubbard* factor considers the need for public access to the documents at issue and weighs strongly against Match.  First, there is a compelling general interest in public access to judicial records which is "fundamental to a democratic state" and "serves the important functions of ensuring the integrity of judicial proceedings in particular and of the law enforcement process more generally."  *Hubbard*, 650 F.2d at 315 & n.79; *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978) (recognizing common law right to view

judicial records); *Metlife*, 865 F.3d at 663 ("The right of public access is a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch."). Second, the D.C. Circuit has repeatedly recognized that the need for public access is heightened when a governmental agency is a party to the action because the public interest in monitoring governmental activities is particularly compelling. *See Friedman v. Sebelius*, 672 F.Supp.2d 54, 58 (D.C. Cir. 2009); *Nat'l Children's Ctr.*, 98 F.3d at 1409. Third, access to filings in this case is important so that the public (and future CID recipients) are aware the Commission will pursue judicial enforcement of CIDs when companies have resisted producing responsive information, including through overbroad assertions of privilege. Finally, the fact that Match makes blanket requests to seal virtually all documents in this proceeding, rather than selectively requesting to seal or redact information from particular filings, also tips this factor against sealing because such broad requests unduly restrict public access. *Friedman*, 672 F.Supp.2d at 58 (noting that blanket requests to seal are disfavored).

### B. Extent of Previous Public Access

The second factor, evaluating whether particular documents sought to be sealed were previously accessible to the public, is at best neutral for Match. With the exception of one exhibit containing a news article (Dkt. 17-20), the documents at issue in Match's latest motions have not been publicly accessible. *See Am. Pro. Agency, Inc. v. NASW Assurance Servs., Inc.*, 121 F.Supp.3d 21, 25 (D.D.C. 2013) (observing second *Hubbard* factor is neutral when no prior public access).

### C. Objections to Disclosure

The only factor that may possibly weigh in Match's favor is the third *Hubbard* factor, which considers whether someone objects to disclosure of the documents at issue. *Hubbard*, 650

4

F.2d at 319. Here, Match objects to the disclosure of virtually all documents filed in this proceeding. But a party's objection to disclosure alone does not suffice to overcome the presumption in favor of public access to judicial proceedings. *See, e.g.*, *Nat'l Children's Ctr.*, 98 F.3d at 1410 (holding that it was error to grant sealing where the only *Hubbard* factor supporting it was that defendant objected to disclosure).

### D. Strength of Privacy and Property Interests in Documents at Issue

The fourth factor weighs against sealing in this case. The fact that attorney-client privilege and work product issues are the subject of this litigation does not necessitate the sealing of substantially all filings. To begin, the documents that Match seeks to keep under seal do not themselves contain work product or attorney-client communications; unsealing therefore would not infringe any such privilege. *See United States ex. rel. Schweizer v. Oce, N.V.*, 577 F.Supp.2d 169, 174 (D.D.C. 2008) (unsealing documents and observing that privilege-based objections were "cognizable only if … the attorney-client and/or work product privileges apply to the contested documents" and were not waived). Match also has not demonstrated that the documents or information that it seeks to seal include competitively sensitive business or financial information or trade secrets. *See Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 671 (D.C. Cir. 2017) (recognizing courts often permit documents containing sensitive business information and trade secrets to be redacted or sealed).

### E. Possibility of Prejudice

The fifth factor considers "whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal" and does not support sealing. *Friedman*, 673 F.Supp.2d at 60 (citing *Hubbard*, 650 F.2d at 320-21). Match fails to address this factor (as well as any of the others) in its latest motions to seal.

5

### F. Purpose for Introducing the Documents

Finally, the Court should consider the purpose for which the documents at issue will be introduced. "The more relevant a pleading is to the central claims of the litigation, the stronger the presumption of unsealing the pleading becomes." *Hamiduva v. Obama*, Civ. 08-1221(CKK), 2015 WL 5176085 at *3 (D.D.C. Sept. 3, 2015) (maintaining seal of certain documents in habeas proceeding when neither party objected to sealing). Here, the documents that Match seeks to seal are of central relevance to the Court's necessary inquiry in reaching its decision about the CID Enforcement Petition, as well as the separate question of whether to grant Respondent's June 21 Motion. Therefore, this factor weighs against sealing.

### IV. CONCLUSION

Match's effort to indiscriminately seal essentially all filings in this matter is entirely unjustified. Because Match has not met its burden of demonstrating that relevant *Hubbard* factors justify departing from the strong presumption in favor of public access to judicial records, the FTC requests that the Court deny Respondent's Motions to Seal in their entirety (Dkt. 17, 18).

Dated: July 21, 2022

Respectfully submitted,

ANISHA S. DASGUPTA
General Counsel

MICHELE ARINGTON
Assistant General Counsel for Litigation

*s/ Elizabeth Averill*
SARAH CHOI (D.C. Bar No. 977025)
ELIZABETH AVERILL (D.C. Bar No. 491216)

FEDERAL TRADE COMMISSION

6

600 Pennsylvania Ave., N.W.<br>
Mail Stop CC-8232<br>
Washington, D.C. 20580<br>
Tel: 202-326-3157 (Arington); 202-326-2212 (Choi); 202-326-2993 (Averill)

*Attorneys for Petitioner*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of July, 2022, I filed the foregoing with the Clerk of the Court via the CM/ECF system, which will automatically send an electronic mail notification of such filing to the CM/ECF registered participants as identified on the Notice of Electronic Filing.

<u>s/ Elizabeth Averill</u><br>
Attorney for Petitioner