UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>                                    Petitioner,<br><br>v.<br><br>**MATCH GROUP, INC.,**<br><br>                                    Respondent. | Case No. 22-mc-00054-RJL-GMH |

**FEDERAL TRADE COMMISSION'S OPPOSITION
TO RESPONDENT'S MOTION TO SEAL (Dkt. 30)**

The Federal Trade Commission ("FTC" or "Commission") opposes the motion filed by Match Group, Inc. ("Respondent" or "Match") to seal its Reply to the FTC's Oppositions to Respondent's Motions to Seal (ECF Nos. 27 and 28). Match does not offer any basis to seal its underlying filing and fails to explain how disclosure of specific documents or information included in the filing would unduly prejudice Match's or OkCupid's privacy or property interests. What Match has done throughout the entirety of this civil investigative demand enforcement proceeding and what it continues to do in this motion is to request indiscriminate sealing of every document filed in this matter without regard to its contents—this is not permitted under the law and Match's motions should be denied.

Although Match evidently would prefer not to have to justify the propriety of sealing on a filing-by-filing basis, the FTC's approach to sealing accords with the Court's Rules, the laws of this jurisdiction, and the FTC's regular practice.[1] Previous FTC oppositions to Match's motions

---

[1] *See*, *e.g.*, LCvR 5.1(h) (requiring that every document that is filed with the intention of it being sealed be accompanied by a motion to seal); *see also* LCvR 7(a) (stating that "[e]ach motion

to seal explain how Match has failed to show that the relevant factors set forth by the D.C. Circuit in *United States v. Hubbard*, 650 F.2d 293, 316-17 (D.C. Cir. 1980) justify a departure from the strong presumption of public access to court records.  *See* Dkt. 16, FTC Opp. to Match Motion to Seal; Dkt. 21, FTC Opp. to Motions to Seal; Dkt. 25, FTC Opp. to Motions to Seal.  The same legal authority and reasoning apply here with respect to Match's latest motion to seal (Dkt. 30).

There is no legal justification for the sealing of all filings in this matter, including Match's Reply to the FTC's Oppositions to Respondent's Motions to Seal.  Therefore, the FTC respectfully asks the Court to deny Respondent's Motion to Seal (Dkt. 30).

| | |
|---|---|
| Dated: August 26, 2022 | Respectfully submitted, |
| | ANISHA S. DASGUPTA<br>General Counsel |
| | MICHELE ARINGTON<br>Assistant General Counsel for Litigation |
| | *s/ Elizabeth Averill*<br>SARAH CHOI (D.C. Bar No. 977025)<br>ELIZABETH AVERILL (D.C. Bar No. 491216) |
| | FEDERAL TRADE COMMISSION<br>600 Pennsylvania Ave., N.W.<br>Mail Stop CC-8232<br>Washington, D.C. 20580<br>Tel: 202-326-3157 (Arington); 202-326-2212 (Choi); 202-326-2993 (Averill) |

---

shall include or be accompanied by a statement of the specific points of law and authority that support the motion, including where appropriate a concise statement of facts").  By simply filing cover motions with no attendant legal justification for the sealing of each filing, Match essentially circumvents the Court's Rules by filing everything under seal simply because it wishes to do so.

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August, 2022, I filed the foregoing with the Clerk of the Court via the CM/ECF system, which will automatically send an electronic mail notification of such filing to the CM/ECF registered participants as identified on the Notice of Electronic Filing.

*s/ Elizabeth Averill*
Attorney for Petitioner