UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>            Petitioner,<br><br>    v.<br><br>**MATCH GROUP, INC.,**<br><br>            Respondent. | Case No. 1:22-mc-54 (RJL/GMH) |

### ORDER

The Federal Trade Commission (the "FTC") has filed this action to enforce a March 2020 civil investigative demand served on Match Group, Inc. ("Match") as part of an FTC investigation into whether Match violated the Federal Trade Commission Act's prohibition on unfair or deceptive acts or dishonest or fraudulent conduct when it allowed a start-up business developing facial recognition technology to access and use images from one of its dating sites to build a face database or when it made public statements in response to a New York Times article reporting that fact. The petition at issue, which was referred by Judge Leon to the undersigned to prepare a Report and Recommendation, seeks production of 136 documents Match has withheld based on attorney-client privilege and/or work product protection.

Unfortunately, the extensive briefing on the petition and the hundreds of pages of supporting exhibits—which include a privilege log, excerpts from the transcripts of five investigative hearings held by the FTC, and numerous attorney declarations, among other things—are not sufficient to allow the undersigned to determine whether all the withheld documents are shielded from production by the protections claimed. Therefore, although review of allegedly privileged documents *in camera* should be employed as a last resort, *see, e.g.*, *Mischler v. Novagraaf Grp. BV*,

No. 18-cv-2002, 2019 WL 11322511, at *1 (D.D.C. Oct. 30, 2019); *Judicial Watch, Inc. v. U.S. Dep't of Defense*, 245 F. Supp. 3d 19, 35 n.5 (D.D.C. 2017), the undersigned finds that such review is the most efficient way forward here. Accordingly, it is hereby

**ORDERED** that Match shall, on or before **December 12, 2023**, lodge the 136 documents at issue in the FTC's petition with the chambers of the undersigned in both hard copy form, which shall be arranged in binders (with a divider between each document) and hand delivered to chambers, and in electronic form (also with a divider between each document), which shall be emailed to Harvey_Chambers@dcd.uscourts.gov. It is further

**ORDERED** that the documents shall be arranged in the order in which they appear on the privilege log produced by Match to the FTC on September 24, 2021 (the "September 2021 Privilege Log"). It is further

**ORDERED** that each document lodged with chambers for *in camera* review shall be labeled—in both hard copy form and electronic form—with

(1)  the Bates numbers as they appear on the September 2021 Privilege Log;

(2)  the number associated with the document on the numbered and highlighted copy of the September 2021 Privilege Log that appears in the record at ECF No. 36-20 (Exhibit 19 to the FTC's Memorandum in Support of Petition to Enforce Match Civil Investigative Demand);[1] and

(3)  the type(s) of privilege or protection that Match claims shields each document from production.

**SO ORDERED.**

Date: November 28, 2023

                                                      G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned notes that a copy of that same document appears at ECF No. 2-1, pages 188–216